IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY VAUGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| | ) | CIVIL RIGHTS |
| CLARK MANOR CONVALESCENT | ) | |
| CENTER, INC., | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | | |

**JURISDICTION AND VENUE**

1. This is an action pursuant to the United States Constitution and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., as amended, the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §12101 *et seq.* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* This court has jurisdiction under and by virtue of 28 U.S.C §§ 1343 and 1331.

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff, Mary Vaughn (hereinafter "Plaintiff") was employed by the Defendant Clark Manor Convalescent Center, Inc. (hereinafter "Clark Manor" or "Defendant").

4. At all times herein mentioned, Defendant was and is believed and alleged hereon to be a corporation duly organized, existing, and operating within the jurisdiction of this Court.

5. Plaintiff has fully complied with the procedural requirements of Title VII and the ADAAA. She filed a charge for discrimination with the EEOC, received a right-to-sue letter from

the EEOC, and brought this lawsuit within the applicable time period.

6. Defendant is also an employer subject to suit under the Family Medical Leave Act ("FMLA") in that it is engaged in an industry affecting commerce and had 50 or more employees within a 75-mile radius for each working day of 20 or more calendar weeks in the current and/or preceding calendar year.

## FACTUAL ALLEGATIONS

7. Plaintiff began her employment with Defendant in September 2007 and at all relevant times herein mentioned was employed as a CNA.

8. At all material times, Plaintiff performed her job according to her employer's legitimate expectations.

9. Plaintiff is an African-American woman, aged 66.

10. Plaintiff's national origin is Jamaican.

11. On or about May 2, 2015, Plaintiff felt severe pain in her knees. Plaintiff told Defendant about the pain in her knees, at which time Defendant told Plaintiff not to come back to work until she saw a doctor.

12. On or about May 11, 2015, Plaintiff was diagnosed with degenerative arthritis in her knees.

13. During her time off work for medical reasons, Plaintiff called into her work as requested to let Defendant know that she would not be reporting to work due to her medical condition.

14. On or about May 22, 2015, Plaintiff received a note from her doctor allowing her to return to work on June 1, 2015 without any restrictions.

15. Plaintiff called Defendant on May 26, 2015 to inform them that she could return to work on June 1, 2015 without restrictions. However, when Plaintiff told Defendant of her return date she was informed that her position had been terminated due to unexcused absences.

16. Defendant's reason for terminating Plaintiff's employment, unexcused absences, is false and merely pretext for illegal discrimination.

17. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest as permitted by law.

18. The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive and in callous disregard to and indifference to Plaintiff. Thus, Plaintiff requests the assessment of liquidated damages against Defendant in a sum as determined according to law and proof.

## COUNT I
## PLAINTIFF AGAINST DEFENDANT FOR
## VIOLATION OF THE ADAAA

19. Plaintiff realleges and incorporates paragraphs one (1) through eighteen (18) as though fully set forth at this place.

20. Plaintiff, as described above, is disabled as that term is defined by the ADAAA.

21. Plaintiff was qualified for the job she held with Defendant and performed all job functions to Defendant's legitimate employment expectations.

22. Despite Plaintiff's qualifications and job performance, she was discriminated against by Defendant because she was disabled.

23. Defendant's discrimination against Plaintiff was intentional.

24. Defendant discriminated against Plaintiff in the terms and conditions of employment in that she was involuntarily terminated.

25. Defendant's reason for the termination, unexcused absence, is false and merely pretext for illegal discrimination.

26. Defendant's actions, as described above, are in violation of the ADAAA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of her employment because of her disability.

27. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life. Plaintiff claims such damages together with prejudgment interest as permitted by law.

28. The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiff. Thus, Plaintiff requests the assessment of punitive damages and/or liquidated damages against the Defendant in a sum as determined according to law and proof.

**COUNT II**
**PLAINTIFF AGAINST DEFENDANT FOR**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

29. Plaintiff realleges and incorporates paragraphs one (1) through eighteen (18) as though fully set forth at this place.

30. As alleged above, Plaintiff requested permission to leave work for the purpose treating symptoms caused by her arthritis in her knees. This was an unforeseen request for leave, and it would have been impracticable for Plaintiff to give prior notice of her need for leave.

31. Plaintiff's verbal request for leave was sufficient to make Defendant aware that Plaintiff needed FMLA leave in that she informed Defendant she had a medical need to leave work due to symptoms caused by her arthritis.

32. At the time that Plaintiff first requested to leave work, and when she did leave work, it was due to severe symptoms caused by her arthritis. Plaintiff's arthritis was a "serious health condition" that made her unable to perform the functions of her job at the time she requested leave from work.

33. Plaintiff was entitled to take FMLA leave from work to seek treatment from a healthcare provider for her arthritis in her knees.

34. It is unlawful for an employer to interfere with, restrain or deny an employee's exercise or attempted exercise of any right under the FMLA. Interfering with an employee's exercise of FMLA rights includes refusing FMLA leave and discouraging an employee from using FMLA leave.

35. Defendant violated the FMLA when it denied Plaintiff's request for unforeseen leave from work in order to treat the unexpected symptoms she was experiencing.

36. It is unlawful for an employer to terminate an employee for exercising her rights under the FMLA.

37. Defendant violated the FMLA when it terminated Plaintiff for exercising her FMLA right to leave work in order to treat her arthritis related symptoms.

38. As a direct and proximate result of said unlawful employment practices, and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages and benefits. Plaintiff claims such damages together with prejudgment interest as permitted by law.

39. The aforementioned acts of the Defendant were willful and not done in good faith. Thus, Plaintiff requests the assessment of liquidated damages against the Defendant in a sum as determined according to law and proof.

## COUNT III
## PLAINTIFF AGAINST DEFENDANT FOR
## DISCRIMINATION ON THE BASIS OF PLAINTIFF'S RACE, NATIONAL ORGIAN AND AGE IN VIOLATION OF TITLE VII

40. Plaintiff realleges and incorporates paragraphs one (1) through eighteen (18) as though fully set forth at this place.

41. Plaintiff is an African-American woman, aged 66.

42. Plaintiff's national origin is Jamaican.

43. Plaintiff was qualified for the job she held with Defendant and performed all job functions to Defendant's legitimate employment expectations.

44. Despite Plaintiff's qualifications and job performance, she was discriminated against by Defendant because she is African-American, of Jamaican origin and 66 years old.

45. Defendant's discrimination against Plaintiff was intentional.

46. Defendant discriminated against Plaintiff in the terms and conditions of employment in that she was terminated from her employment.

47. Similarly situated non-African American, non-Jamaican and/or younger employees were not subjected to the same terms and conditions of employment as was Plaintiff.

48. Defendant's reasons for terminated Plaintiff are false and merely pretext for illegal discrimination.

6

49. Defendant's actions, as described above, are in violation of Title VII in that Defendant acted to discriminate against Plaintiff in the terms and conditions of her employment because of his race, national origin and age.

50. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mary Vaughn, by and through her attorneys, Ed Fox & Associates, Ltd., requests the following relief on all of her claims:

A. That the Defendant be required to pay to Plaintiff special damages, including, but not limited to, backpay and frontpay with benefits and with interest, in amounts to be proven at trial;

B. That Plaintiff be granted general and compensatory damages, including but not limited to out of pocket costs, in an amount to be determined at trial;

C. That Plaintiff be granted liquidated damages in an amount to be determined at trial;

D. That Plaintiff be granted pre-judgment interest in an amount to be ascertained;

E. That the Court grant to Plaintiff her reasonably incurred attorneys' fees, costs, and litigation expenses; and

F. That the Court grant such other and further relief as the Court may deem just or equitable.

          BY:    s/ Jonathan R. Ksiazek
                   Jonathan R. Ksiazek
                   ED FOX & ASSOCIATES, LTD.
                   Attorneys for Plaintiff
                   300 West Adams, Suite 330
                   Chicago, Illinois 60606
                   (312) 345-8877
                   jksiazek@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                BY:    <u>s/ Jonathan R. Ksiazek</u>
                           Jonathan R. Ksiazek
                           ED FOX & ASSOCIATES, LTD.
                           Attorneys for Plaintiff
                           300 West Adams, Suite 330
                           Chicago, Illinois 60606
                           (312) 345-8877
                           jksiazek@efox-law.com